IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO, | ) ) ) ) ) ) ) ) ) ) | Case No.<br><br>Judge:<br>Magistrate Judge: |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Val's Crane & Equipment Co., an Ohio corporation, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), bring this action to collect contributions and dues from Defendant Val's Crane & Equipment Co., an Ohio corporation ("Val's Crane" or "the Company").

### COUNT I.  SUIT FOR DELINQUENT CONTRIBUTIONS
**Facts Common to All Counts**

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor-

Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Val's Crane is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Akron, Ohio (Exhibit A).

3. On October 22, 2024, Val's Crane, through its President, Rodney Porter, signed a Memorandum of Agreement ("MOA") (Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Michiana Independent Building Agreement between Local 150 and the Michiana Independent Building Group, currently effective June 1, 2025, through May 31, 2028 (excerpts attached as Exhibit C).

4. The CBA and the Agreements and Declarations of Trust incorporated therein require Val's Crane to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

5. The CBA and Trust Agreements specifically require Val's Crane to:

   (a) submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

   (b) compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of 10 percent of untimely contributions, or 20 percent of such contributions should the Funds be required to file suit;

   (c) pay interest to compensate the Funds for the loss of investment income;

   (d) make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

    (e)    pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

    (f)    furnish to the Funds a bond in an amount acceptable to the Funds;

    (g)    pay the Funds a flat fee of $110.00 for each business day per Fund that requested audit documents are not produced after 21 days from the demand for such documents.

6. The CBA further requires Val's Crane to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Val's Crane does not do so, the Union is entitled to liquidated damages, attorneys' fees, and any other cost of collection.

7. Val's Crane has become delinquent in the submission of its reports and contributions due the Funds, and reports and dues to the Union. As a result of this delinquency, it owes the Funds contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

## Jurisdiction and Venue

8. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. § 1331, because ERISA is a federal statute.

9. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

10. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

3

11. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports, or submitted reports without accompanying payment, so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

12. Val's Crane has violated ERISA and breached the CBA and the Trust Agreements because it has failed to submit its reports, or submitted reports without accompanying payment, and thus has failed to submit fringe benefit contributions timely to the Funds, and refused to pay liquidated damages and interest that have accrued.

13. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Val's Crane, there is a total of $15,252.82 known to be due the Funds from Val's Crane, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

(a) enter judgment in favor of the Funds and against Val's Crane for all unpaid contributions as identified in Val's Crane's contribution reports;

(b) order Val's Crane to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

(c) order Val's Crane at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Val's Crane owes additional sums to the Funds, and pay the costs of such an audit; or alternatively, at the Funds' option, require Val's Crane to pay any contributions reasonably estimated to be due by the Funds for the period when Val's Crane failed and refused to timely submit contribution reports;

(d)     enter judgment against Val's Crane and in favor of the Funds for liquidated damages, interest, attorneys' fees, and costs associated with all delinquent contributions;

(e)     provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Val's Crane's cost.

## COUNT II.   SUIT TO COLLECT CRF CONTRIBUTIONS

1-7.     CRF re-alleges and incorporates herein by reference paragraphs 1 through 7 of Count I as if fully stated herein.

### Jurisdiction and Venue

8.     This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. § 1331.

9.     Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

10.     Val's Crane has not submitted all of its contribution reports to CRF. Val's Crane has failed to make timely payment of all contributions acknowledged to be due according to Val's Crane's own contribution reports and the CBA, and Val's Crane has failed to pay interest and liquidated damages required by the CBA. Accordingly, Val's Crane is in breach of its obligations to the CRF under the CBA.

11.     That upon careful review of all records maintained by CRF and after application of any and all partial payments made by Val's Crane, there is a total of $344.00 known to be due to CRF from Val's Crane subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

(a) order Defendant to submit all delinquent monthly contribution reports;

(b) enter judgment in favor of CRF and against Defendant for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees, and costs, including any amounts estimated to be due in view of Defendant's failure to submit all contribution reports required by the CBA;

(c) enjoin Defendant to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA;

(d) award CRF such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT III. SUIT TO COLLECT UNION DUES

1-7. The Union re-alleges and incorporates herein by reference paragraphs 1 through 7 of Count I as if fully stated herein.

### Jurisdiction and Venue

8. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

9. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties, and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

10. Val's Crane has not submitted all of its dues reported to the Union. Val's Crane has failed to make timely payment of all dues acknowledged to be due according to Val's Crane's own reports and the CBA. Accordingly, Val's Crane is in breach of its obligations to the Union under the CBA.

11. That upon careful review of all records maintained by the Union and after application of any and all partial payments made by Val's Crane, there is a total of $343.71 known

to be due to the Union from Val's Crane, before the assessment of fees and costs subject to the possibility that additional contributions will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

(a) order Val's Crane to submit all delinquent monthly dues reports;

(b) enter judgment in favor of the Union and against Val's Crane for all unpaid dues, including any amounts estimated to be due because Val's Crane failed to submit all dues reports required by the CBA;

(c) enjoin Val's Crane to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBA;

(d) award the Union such further relief as may be deemed just and equitable by the Court, all at Val's Crane's cost.

Dated: January 28, 2026

Respectfully submitted,

By: /s/ Catherine Schlabowske
One of the Attorneys for Plaintiffs

Attorneys for Local 150:
Dale D. Pierson *(dpierson@local150.org)*
Catherine Schlabowske *(cschlabowske@local150.org)*
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph. 708/579-6663
Fx. 708/588-1647

Attorneys for the Funds:
Dale D. Pierson *(dpierson@local150.org)*
Catherine Schlabowske *(cschlabowske@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph. 708/579-6601
Fx. 708/588-1647